NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company, | No. 20-55322 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-00079-H-LL |
| v. | MEMORANDUM* |
| MARK A. WILLIS, an individual, | |
| Defendant-Appellant, | |
| and | |
| THOMAS P. TATHAM, an individual; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted June 9, 2021
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Mark Willis appeals a district court judgment, entered after a five-day jury

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

trial, in this action brought by EnSource Investments LLC ("EnSource") under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. The suit stemmed from EnSource's investment in Hopewell-Pilot Project, LLC ("Hopewell"), a company started by Willis and his brother-in-law, Tom Tatham. EnSource alleged that while Willis was soliciting EnSource's investment in Hopewell, he misrepresented the state of development and functionality of new land-title-searching software that Hopewell would purportedly employ. The jury ultimately found for EnSource and awarded $205,000 in damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Willis argues that the district court erred by instructing the jury on control person liability under Section 20(a), 15 U.S.C. § 78t(a). We agree that the district court should not have instructed the jury on this theory of liability over Willis's objection because neither the operative complaint nor the pretrial order included a claim under Section 20(a). However, this error was harmless in light of the trial record as a whole.

The record makes plain that Willis was the "maker" of misstatements to investors. *See Janus Capital Grp. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) ("For purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether

2

and how to communicate it."). Indeed, the jury rendered a special verdict finding that Willis "ma[d]e an untrue statement of a material fact or omit[ted] a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the sale of securities."

2. Willis timely moved for judgment as a matter of law at the close of EnSource's case-in-chief under Federal Rule of Civil Procedure 50(a), and again in a post-verdict motion under Rule 50(b), which the district court denied. Reviewing de novo and viewing the evidence at trial in the light most favorable to EnSource, *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1067 (9th Cir. 2011), we conclude that sufficient evidence supports each of the special verdict findings.[1] The jury heard evidence that Willis misrepresented (or directly ordered the misrepresentation of) the state of the software under development, that EnSource's belief that the software was functional was material to its decision to invest, and that the software had no value several months later when Willis placed Hopewell into bankruptcy after EnSource withdrew further support. The record also permitted the jury to find loss causation, i.e., that misrepresentations about the

---

[1] The parties dispute whether Willis preserved a sufficiency challenge to all of the elements of the Rule 10b-5 claim or whether he is only entitled to de novo review of the sufficiency of the evidence of loss causation. We need not decide this question because our review of the entire trial record while determining the harmlessness of the Section 20(a) jury instruction assures us that the evidence is sufficient to establish each element of the Rule 10b-5 claim.

software were "directly related to the actual economic loss" EnSource suffered and were a "substantial factor" in that loss. *Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1119–20 (9th Cir. 2013) (cleaned up).

3.  Willis argues for the first time on appeal that the district court erred in failing to instruct the jury to answer additional special interrogatories under a provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(3)(A), to determine whether Tatham, who settled before trial, also had violated the securities laws and, if so, the percentage of his responsibility for EnSource's loss. In civil cases, we exercise our discretion to correct unpreserved claims of error only where "review is needed to prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *C.B. v. City of Sonora*, 769 F.3d 1005, 1019 (9th Cir. 2014) (en banc) (cleaned up).

We decline to do so here. The jury awarded only $205,000 in damages when asked to "determine the economic loss, if any, incurred by Plaintiff EnSource Investments LLC as a result of the violation of Rule 10b-5 of the Securities and Exchange Act" for which it had just found Willis liable. This amounted to less than half of the amount EnSource lost by investing in Hopewell and does not constitute a miscarriage of justice that warrants correction on plain error review.

4.  Finally, the district court did not abuse its discretion in denying Willis's

4

Federal Rule of Civil Procedure 59(e) motion to amend the judgment to grant an offset in the amount of Tatham's settlement. Willis argued below that an offset was necessary to prevent manifest injustice. However, the special verdict form and the evidence presented at trial focused on Willis's actions, and the district court concluded that "the jury's award was for damages attributable to Defendant Willis." The district court's determination was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record" so as to amount to an abuse of discretion, *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), nor do we perceive a manifest injustice in allowing the judgment to stand.

**AFFIRMED.**